```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

PETER SALVAGIO                              CIVIL ACTION

VERSUS                                      NO: 13-5182

DEPUTY JOHN DOE, SHERIFF RODNEY J.          SECTION: R
STRAIN, JR., AND ST. TAMMANY PARISH

### ORDER AND REASONS

Defendant St. Tammany Parish moves this Court to dismiss the claims brought against it by plaintiff Peter Salvagio. Plaintiff does not oppose the motion. Because St. Tammany Parish exercises no supervisory authority or control over Sheriff Rodney Strain or Deputy John Doe, the Court GRANTS the motion.

### I. BACKGROUND

Plaintiff alleges that he was lawfully executing a Right of Repossession for his employer, Quality Auto Brokerage, when he was pulled over in the repossessed vehicle by a St. Tammany Parish Deputy.[1] Plaintiff claims that he showed the repossession paperwork to the deputy but was arrested nonetheless. Plaintiff was charged with felony theft of an automobile and held in St. Tammany Parish Jail.[2] At the time of his arrest, plaintiff was on probation stemming from a misdemeanor conviction in Orleans Parish. As a result, the felony theft charges triggered a "hold"

---

[1] R. Doc. 1 at 3-4.

[2] *Id.*

that prevented his release on bail.[3]  After six weeks of detention, plaintiff pleaded guilty to simple criminal trespass, La. Rev. Stat. § 14:63, and was sentenced to time served.  He alleges that he was ordered to be released on September 14, 2012 but was not actually released until September 28, 2012.[4]

Plaintiff filed this suit against the unknown deputy, St. Tammany Parish Sheriff Rodney Strain, and St. Tammany Parish on July 29, 2013.[5]  He seeks damages for false imprisonment under Louisiana Law, claiming that because he was attempting to effect a lawful repossession, his arrest was without probable cause.  He further alleges that the felony charges were baseless and made it impossible for him to secure his release pending trial.

Plaintiff also seeks damages pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  He alleges that the defendants violated these rights by (1) arresting him without probable cause, (2) detaining him for a period of six weeks, (3) detaining him for an additional two weeks after he was ordered to be released, and (4) failing to provide supervision and proper training to prevent these incidents.

---

[3] *Id.* at 4.

[4] *Id.*

[5] *Id.* at 1.

Defendant St. Tammany Parish now moves to dismiss the claims against it. It argues that because it has no supervisory authority or control over the arresting deputy, Sheriff Strain, or the St. Tammany Parish Sheriff's Office, it cannot be held liable for their conduct under the doctrine of respondeat superior. Plaintiff does not oppose the motion.

**II. STANDARD**

To survive a Rule 12 (b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation

3

that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Plaintiff makes no specific allegations against St. Tammany Parish. Rather, it apparently seeks to hold the parish liable under the theory of respondeat superior for the actions of the arresting deputy and other employees of the St. Tammany Parish Sheriff's Office, which operates the jail in which he was detained. St. Tammany Parish seeks its dismissal from suit on the ground that it does not exercise the requisite control over the conduct of the St. Tammany Parish Sheriff or his employees.

To establish liability against a local government entity under § 1983, a plaintiff must point to the entity's policy or custom that caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978); *see also McMillan v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996), *aff'd sub nom. McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781 (1997). Local government entities may also face liability under § 1983 as a result of a breach of a duty imposed

by state or local law. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). If local or state law imposes a duty upon a local government entity, liability under § 1983 may result if municipal officials have actual or constructive knowledge of the constitutional violations and fail to carry out their duty to correct them. *See Bennett*, 728 F.2d at 768.

State law determines whether a particular governmental entity has an obligation or policymaking authority.[6] In Louisiana, "the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 671 (La. 1981)). This is so because the sheriff is a "virtually autonomous local government official", *id.*, who "occupies a constitutional office which exists and functions independently of the governing body of the parish." *Broussard v. Boudoin*, CIV.A. 03-3040, 2004 WL 223984, at *1 (E.D. La. Jan. 29, 2004) (citing La. Const. art. 5, § 27 and art. 6, §§ 5(G) and 7(B)). *See also Broussard v. Foti*, CIV.A. 00-2318, 2001 WL 258055, at *2 (E.D. La. Mar. 14, 2001) ("Under Louisiana law, the authority of the Orleans Parish Criminal Sheriff is derived from the state

---

[6] Likewise, state law obviously governs the application of respondeat superior liability to plaintiff's state-law false imprisonment claim.

Constitution, not from the City of New Orleans."). Accordingly, parish governments have no authority over parish sheriffs or their deputies, *see Foster v. Hampton*, 352 So.2d 197, 203 (La. 1977),[7] and cannot be held vicariously liable for the acts of either, including plaintiff's arrest. *See id.; see also Nall v. Parish of Iberville*, 542 So.2d 145, 149 (La. Ct. App. 1989); *Vance v. Orleans Parish Criminal Sheriff's Department*, 483 So.2d 1178, 1180 (La. Ct. App. 1986).

As for plaintiff's detention at the St. Tammany Parish Jail, the parish does bear the responsibility of financing and physically maintaining the jail. *See* La. R.S. § 15:702; *Griffin v. Foti*, 523 So.2d 935, 938 (La. Ct. App. 1988); *see also O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir. 1985). It does not, however, have authority over the operations of the jail or the management of the sheriff's employees working therein. *See Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. May 8, 1998); *O'Quinn*, 773 F.2d at 609 (administration of the jail is province of sheriff). Rather, sheriffs are the final policy makers with respect to the management of jails. *See Jones*, 4 F.Supp.2d at 613. The sheriff's office, not the parish, controls the inmates of the jail, the employees of the jail, and

---

[7] Although portions of the *Foster* decision have been superseded by statute, the portion of the opinion regarding the liability of the parish government has not. *Boudoin*, 2004 WL 223984, at *1 & n.6 (citing *Nall*, 542 So.2d 145).

the daily management and operation of the jail. *See* La. R.S. § 33:1435; 15:704; *O'Quinn*, 773 F.2d at 609 (quoting *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La. Ct. App. 1982), *writ denied*, 415 So.2d 940 (La. 1982)). Because plaintiff's allegations focus on the legality of his detention and do not pertain to the adequacy of the parish's funding of the jail facilities, the parish cannot be held liable for any misconduct on the part of the sheriff's employees with respect to plaintiff's detention.[8]

**IV. Conclusion**

    For the foregoing reasons, the Court GRANTS defendant St. Tammany Parish's motion to dismiss the claims against it.

    New Orleans, Louisiana, this ___16th___ day of December, 2013.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8] To the extent that plaintiff's false imprisonment claims stem from the allegedly "baseless" felony charge that prevented his pretrial release, and to the extent that the district attorney's office may have been involved in that decision, the parish also lacks supervisory authority over the local district attorney. *See Burge*, 187 F.3d at 470 ("Because the district attorney's position is closely analogous to that of the sheriff as a virtually autonomous local government official, we conclude that the Louisiana courts would be guided by the same principles . . . .").