```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

PETER SALVAGIO                              CIVIL ACTION

VERSUS                                      NO: 13-5182

DEPUTY JOHN DOE, SHERIFF RODNEY J.          SECTION: R
STRAIN, JR., AND ST. TAMMANY PARISH


### ORDER AND REASONS

Before the Court is defendants Deputy John Doe's and Sheriff Rodney J. Strain's motion for summary judgment. The Court grants defendants' motion as to plaintiff's federal claims because these claims are barred by the *Heck* doctrine. The Court declines to exercise supplemental jurisdiction over plaintiff's pendent state law claims and dismisses these claims without prejudice.

### I. BACKGROUND

Plaintiff alleges that on July 29, 2012, he was lawfully executing a Right of Repossession for his employer, Quality Auto Brokerage, when he was pulled over in the repossessed vehicle by a St. Tammany Parish Deputy.[1] Plaintiff claims that he showed the repossession paperwork to the deputy but was arrested nonetheless. Plaintiff was charged with felony theft of an automobile and held in St. Tammany Parish Jail.[2] At the time of his arrest, plaintiff

---

[1] R. Doc. 1 at 3-4.

[2] *Id.*

was on probation stemming from a felony conviction in Orleans Parish. As a result, the Louisiana Department of Corrections issued a "probation hold" that authorized defendants to detain plaintiff without bail "as a probation violator for New Orleans."[3] After six weeks of detention, plaintiff pleaded guilty to simple criminal trespass under La. Rev. Stat. § 14:63, and was sentenced to time served. Although plaintiff's sentence was imposed on September 11, 2012, defendants did not release plaintiff at that time because the Louisiana Department of Corrections' probation hold was still in place. The Department of Corrections lifted the probation hold on September 26, 2012, and defendants released plaintiff the same day.[4]

On July 29, 2013, plaintiff filed this suit against St. Tammany Parish, St. Tammany Parish Sheriff Rodney Strain, and an unknown deputy.[5] He seeks damages for false imprisonment under Louisiana Law, claiming that because he was attempting to effect a lawful repossession, his arrest was without probable cause. He further alleges that the felony charges were baseless and made it impossible for him to secure his release pending trial.

---

[3] R. Doc. 23-5 at 9.

[4] *Id.* at 38.

[5] R. Doc. 1. The Court dismissed plaintiff's claims against St. Tammany Parish on December 16, 2013. R. Doc. 7.

Plaintiff also seeks damages pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. He alleges that the defendants violated these rights by (1) arresting him without probable cause, (2) detaining him for a period of six weeks, (3) detaining him for an additional two weeks after he was ordered to be released, and (4) failing to provide supervision and proper training to prevent these incidents.

## II. STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v.*

*Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations omitted); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991)(internal quotations omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Defendants move for summary judgment arguing that plaintiff's claims under 42 U.S.C. § 1983 should be dismissed under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argue that plaintiff's guilty plea to criminal trespass precludes his Section 1983 claim for unlawful arrest and detention because this conviction has not been overturned or otherwise called into question. Plaintiff counters arguing that *Heck* is inapplicable because plaintiff pleaded to a different offense, criminal trespass, than the original charge brought against him, theft of a motor vehicle.

In *Heck*, a prisoner who had been convicted of voluntary manslaughter brought an action under Section 1983 against police and prosecutors, arguing that his arrest and conviction were unlawful. The suit sought only damages. It did not request injunctive relief or release from custody. *Heck*, 512 U.S. at 478-79. The Court noted that Section 1983 created a species of tort liability analogous to the common-law tort action of malicious

prosecution. It noted that an action for malicious prosecution requires that the criminal proceedings be terminated in favor of the accused. Otherwise, a convicted defendant could mount a collateral attack on his conviction in the guise of a civil suit. *Id.* at 483-485.

Accordingly, the Court held that Section 1983 claims for damages are "not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Id.* at 486. A plaintiff may bring a Section 1983 action that would necessarily imply the unlawfulness of his conviction, but only in particular circumstances. The Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis in original). Thus, when a district court is faced with a Section 1983 action for damages that implicates a conviction or sentence, it must determine whether a ruling for the plaintiff "would necessarily imply the invalidity" of the conviction or sentence. If the court determines that it would, the action cannot proceed unless the conviction has been vacated, invalidated, or overturned. An action that would not necessarily

imply the invalidity of the conviction should be allowed to proceed. *Id.* at 487.

Plaintiff's conviction has not been reversed or otherwise called into question. Accordingly, the Court must determine whether success on any of plaintiff's Section 1983 claims would necessarily imply the invalidity of plaintiff's conviction and sentence.

a. *Plaintiff's False Arrest and Unlawful Detention Claims*

Plaintiff first claims that St. Tammany Police arrested him without probable cause while he was trying to effectuate a lawful repossession. Plaintiff concedes that his conviction has not been reversed or otherwise called into question, but nevertheless argues that *Heck* does not bar his false arrest claim because he "did not plead guilty to the charge for which he was arrested; rather he pled guilty to a later-charged offense."[6] The Court finds this to be a distinction without a difference.

Although a "claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest," *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995), the Court finds that, here, a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction. Indeed, having pleaded guilty to criminal trespass, plaintiff cannot now argue that the attempted repossession was legal. *See*

---

[6] R. Doc. 27 at 11.

*Samford v. Samford*, No. 6:08-cv-42, 2010 WL 582498, at *4 (E.D. Tex. Feb. 11. 2010) ("Plaintiff's challenge to probable cause is that her actions did not violate the law. Regardless of how Plaintiff articulates this claim, it necessarily involves a challenge to Plaintiff's underlying conviction."). Here, the same conduct that provided probable cause for the arrest, plaintiff's attempted repossession of the vehicle, formed the basis of plaintiff's conviction for criminal trespass. *See Cano v. Bexar Cnty., Tex.*, 280 F. App'x 404, 408 (5th Cir. 2008) (false-arrest claim *Heck*-barred where conduct that provided probable cause for arrest also formed basis of conviction). Accordingly, plaintiff's conviction for criminal trespass, which was based on the same conduct that prompted his arrest and the original charge of theft of a motor vehicle, forecloses his Section 1983 claim challenging the propriety of the arrest. *See Hall v. Ramsey*, 470 F. App'x 297, 298 (5th Cir. 2012) (when plaintiff's conviction based on same incident for which he was arrested, showing of no probable cause would call into question the validity of conviction). That plaintiff was originally charged with theft of a motor vehicle and later pleaded to criminal trespass is immaterial. *Id. See also Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004) ("*Heck* does not require exact identity of the arresting offense and the offense of conviction."). Therefore, because a judgment in

plaintiff's favor would necessarily imply the invalidity of his criminal trespass conviction, *Heck* bars this claim.

Plaintiff next challenges his detention between his initial arrest on July 29, 2012 and his conviction on September 11, 2012. Plaintiff argues that he was unable to post bail during this time period because of a "probation hold" that was issued due to the arresting officer's allegedly unconstitutional charging decision. In other words, plaintiff argues that but for the felony charge of theft of a motor vehicle, a charge plaintiff contends was without probable cause, the Department of Corrections would not have issued a probation hold, and plaintiff would have been able to post bail.[7]

Plaintiff's argument ignores that plaintiff was sentenced to time-served as a consequence of his conviction. As discussed above, the *Heck* doctrine bars Section 1983 claims challenging the constitutionality of a conviction or subsequent incarceration unless the conviction has been reversed or otherwise held invalid. *Heck*, 512 U.S. at 487 (Section 1983 claims are not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction *or sentence* . . . ." (emphasis added)). Thus, although plaintiff attempts to paint his detention between July 29, 2012 and September 11, 2012 as a product of a probation hold, plaintiff's detention during this time became a sentence imposed under a conviction that has not been reversed or

---

[7] R. Doc. 27 at 8.

otherwise held invalid. Accordingly, the *Heck* doctrine bars plaintiff's claim for unlawful detention between July 29, 2012 and September 11, 2012.

    b.   *Plaintiff's Failure to Timely Release Claim*

Plaintiff next challenges his continued detention after his conviction and sentence to time-served on September 11, 2012 until his release on September 26, 2012. Once again, plaintiff contends that but for the original felony theft of a motor vehicle charge, the Department of Corrections would not have issued a probation hold, and plaintiff would have been immediately released upon his sentence to time-served.[8]

Plaintiff misconstrues Louisiana law governing probation detainers. Plaintiff argues that the Department of Corrections would not have issued a probation hold but for the felony charge, but Louisiana Code of Criminal Procedure Article 901 contemplates potential revocation upon conviction of a felony or misdemeanor.[9] Louisiana Code of Criminal Procedure Article 899(B) further instructs that "written authorization or subsequent confirmation [by the Department of Corrections Probation Officer] delivered with

---

[8] R. Doc. 27 at 13.

[9] L.S.A. C. Cr. P. art. 901(A) provides, in relevant part,

> [W]hen a defendant who is on probation for a felony commits or is convicted of a felony . . . or is convicted of a misdemeanor . . . his probation may be revoked as of the date of the commission of the felony or final conviction of the felony or misdemeanor.

defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant."  L.S.A. C. Cr. P. art. 899(B).  Plaintiff does not dispute that the Department of Corrections did not lift the probation hold until September 26, 2012, or that defendants released plaintiff as soon as the hold was lifted. Accordingly, plaintiff cannot recover against defendants for unlawful detention when the undisputed evidence demonstrates that defendants were complying with a probation hold that the Department of Corrections was legally entitled to keep in place.

    c.   *Plaintiff's Failure to Train and Supervise Claim*

Because the Court finds that plaintiff's false arrest and detention claims fail as a matter of law, it need not reach the merits of plaintiff's *Monell* claim.  *Bedingfield ex rel. Bedingfield v. Deen*, 487 F. App'x 219, 225 n.4 (5th Cir. 2012).

    d.   *Plaintiff's State Law Claims*

The Court has determined that defendant is entitled to summary judgment on all of the claims arising under federal law. Defendant, however, also seeks summary judgment on plaintiff's claims arising under state law.  Thus, the Court must consider whether to continue to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367.  A district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to the statutory factors, the Court must also balance the factors of judicial economy, convenience, fairness, and comity. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002). The Court has "wide discretion in determining whether to retain supplemental jurisdiction over a state law claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Still, the "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims have been eliminated prior to trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Here, the Court has dismissed all the claims over which it had original jurisdiction. Only state-law claims remain, and the Court has no independent basis for jurisdiction over them. The Court has not yet addressed the merits of these claims, and as they exclusively involve issues of state law, principles of comity weigh in favor of allowing a state forum to adjudicate them. The Court therefore finds that the rule counseling against the exercise of

supplemental jurisdiction over state-law claims when no federal claims remain applies in this case, and it dismisses plaintiff's state-law claims without prejudice.

## IV. Conclusion

For the foregoing reasons, plaintiff's federal false arrest and imprisonment claims are DISMISSED WITH PREJUDICE until plaintiff can demonstrate compliance with *Heck*. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this ___3rd___ day of February, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE